UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
CASE NO: 09-22420-CIV-O'SULLIVAN
[CONSENT]

ISVY QUINTANA, ARELY QUINTANA
KATELYN GREGORY, ALEJANDRO J. MASIS,
MAYRA SANTIAGO, MARCIA MARTINEZ and other
Similarly-situated individuals,

Plaintiffs,

vs.

EXPLORER ENTERPRISES, INC. d/b/a
BIG SQUEEZE JUICE BAR and MARC SHOSHAN,

Defendants.
_____/

**PLAINTIFF MARCIA MARTINEZ'S MOTION TO DISMISS DEFENDANTS COUNTERCLAIM AGAINST MARCIA MARTINEZ, OR IN THE ALTERNATIVE, MOTION TO STRIKE COUNTERCLAIM OF DEFENDANTS AGAINST MARCIA MARTINEZ**

Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f), Plaintiff, Marcia Martinez hereby submits this Motion to Dismiss Defendants' Counterclaim, or in the Alternative, Motion to Strike Counterclaim of Defendants.

**ARGUMENT**

**I. DEFENDANTS' COUNTERCLAIM MUST BE DISMISSED UNDER RULE 12(b)(6).**

Pursuant to Fed. R. Civ. P. 12(b)(6), a party may move for dismissal of claims asserted against it based on the "failure to state a claim upon which relief can be granted." A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the pleading to state a claim upon which relief may be granted. "Dismissal is warranted...when no facts in support of the...claim would entitle...relief." *BCWC LLC v. Reading Rock, Inc.*, Slip Copy, 2007 WL 2955573, *1

(N.D.Ill., October 10, 2007) citing *Lee v. City of Chicago,* 330 F.3d 456, 459 (7th Cir. 2003); *Bell Atlantic Corp. v. Twombley,* 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).

## **MEMORANDUM OF LAW**

### I. Standard for Motion to Strike/Motion to Dismiss

Fed.R.Civ.P. 12(f) provides that:

"Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon Motion made by a party within twenty (20) days after the service of the pleading upon the party or upon the Court's own initiative at any time, the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Defendants' Answer and Affirmative Defenses to Plaintiffs' Amended Complaint and Counterclaim, is a pleading within the meaning of Fed. R.Civ.P 12(a) and (b). The Counterclaim against Marcia Martinez asserted by Defendants which is the subject of the instant Motion is legally deficient and thus appropriate to strike from the pleadings. Although Motions to Strike are generally not favored, legally insufficient counterclaims such as that raised by Defendants against Plaintiff Marcia Martinez are appropriately stricken. The balance of this memorandum will address the insufficiency of the subject counterclaim.

Plaintiff's complaint is riddled with bare assertions of discrimination, without any facts to support such claims. Although the federal practice only requires a "short and plain statement" of the facts, Plaintiff fails to satisfy even this minimal requirement. Based upon the lack of factual allegations therein, Plaintiff's complaint "stops short of the line between possibility and plausibility," and should be summarily dismissed. Bell Atlantic Corp. v. Twombley, 550 U.S. _____, 127 S. Ct. at 1959.

Defendants inaccurately attempt to assert a cause of action against Plaintiff Marcia Martinez for common law indemnification. Unfortunately for Defendants, Big Squeeze, et al, "a defendant held liable under a federal statute has a right to contribution or indemnification from another who has also violated the statute only if such right arises (1) through the affirmative creation of a right of action by Congress, either expressly or implicitly, or (2) via the power of the courts to formulate federal common law. *Texas Industries, Inc. v Radcliff Materials*, 451 U.S. 630, 638, 101 S.Ct. 2061, 2065, 68 L.Ed.2d 500 (1981). Defendants, Big Squeeze, et al's counterclaim is devoid of any supporting law establishing their right to assert such a counterclaim against Plaintiff Marcia Martinez. Because no right of common law indemnification under the Fair Labor Standards Act exists. Northwest Airlines v. Transport Workers Union of America, 451 U.S. 77, 90-91, 101 S.Ct. 1571, 1580, 67 L.Ed.2d 750 (1981) (no right of contribution under Title VII or Equal Pay Act).

In *Bill Johnson's Restaurants, Inc v NLRB*, 461 U.S. 731 (1983), the Supreme Court recognized that "[a] lawsuit no doubt may be used by an employer as a powerful instrument of coercion or retaliation" and that by filing a retaliatory lawsuit "an employer can place its employees on notice that anyone who engages in such conduct is subjecting himself to the possibility of a burdensome lawsuit." *Id.* at 740. While *Bill Johnson's Restaurants* concerned a retaliatory lawsuit in the context of the National Labor Relations Act, 29 U.S.C. § 151 *et seq.*, courts have applied its reasoning in the FLSA context. *See, e.g., Martin v Gingerbread House, Inc.*, 977 F.2d 1405, 1407 (10th Cir. 1992).

Defendants, Big Squeez, et al's counterclaim is preempted by the FLSA, and as such is contrary to public policy and must be DISMISSED.

The counterclaim is objectively baseless, that is, it lacks a reasonable basis in fact or law, and as such must be DISMISSED. "[i]ndemnity actions against employees work against the purposes of the FLSA[,]" *Gingerbread House*, 977 F.2d at 1407-08; *see also Lyle v. Food Lion, Inc.*, 954 F.2d 984, 987 (4th Cir. 1992); *LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1264 (5th Cir. 1986), and that "a third party complaint by an employer seeking indemnity from an employee is preempted." *Gingerbread House*, 977 F.2d at 1408 "[i]ndemnity actions against employees work against the purposes of the FLSA[,]" *Gingerbread House*, 977 F.2d at 1407-08; *see also Lyle v. Food Lion, Inc.*, 954 F.2d 984, 987 (4th Cir. 1992); *LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1264 (5th Cir. 1986), and that "a third party complaint by an employer seeking indemnity from an employee is preempted." *Gingerbread House*, 977 F.2d at 1408.

To engraft an indemnity action upon this otherwise comprehensive federal statute would run afoul of the Supremacy Clause of the Constitution, would undermine employers' incentive to abide by the Act, and would differentiate among employees entitled to receive overtime compensation in a way which does not otherwise exist in the statute. Defendants, Big Squeeze, et al, adduces no federal statutory or case law authority for maintaining an action in indemnity against Plaintiff, Marcia Martinez, and its argument rests entirely upon common law governing indemnity actions. Such authority, applied as a de facto amendment to the Fair Labor Standards Act, would conflict with its mandate. Congress legislated in detail the standards and enforcement procedures for overtime and minimum wage compensation in all activities affecting interstate commerce. 29 U.S.C. Sec. 201 et seq. No cause of action for indemnity by an employer against its employees who violate the Act appears in the statute, nor in forty years of its existence has the Act been construed to incorporate such a theory. Where Congress has undertaken to regulate an area, state law must yield to the extent it is in conflict with the validly exercised federal law-

making effort. U.S. Const. art. 6, cl. 2; Chicago and N.W. Transp. Co. v. Kabo Brick & Tile Co., 450 U.S. 311, 317, 101 S.Ct. 1124, 1130, 67 L.Ed.2d 258, 265 (1981); Perez v. Campbell, 402 U.S. 637, 651-52, 91 S.Ct. 1704-12, 29 L.Ed.2d 233, 243-44 (1971); United States v. State of Texas, 695 F.2d 136 (5th Cir.), cert. denied 464 U.S. 933, 104 S.Ct. 336, 78 L.Ed.2d 305 (1983). An employer who believed that any violation of the overtime or minimum wage provisions could be recovered from its employees would have a diminished incentive to comply with the statute and might be inclined to close its eyes, as Defendants, Marc Shoshan, et al allegedly did here. Additionally, imposing an indemnity responsibility upon Marcia Martinez would deprive her of overtime compensation to which the federal statute otherwise entitles her to. The Act does not place a "good faith" burden upon employees who seek to be compensated for their overtime work, unless the employees were found to have worked unauthorized overtime or falsified records to create a cause of action under 29 U.S.C. Sec. 216(b) (1985), Burry v. National Trailer, 239 F.Supp. 85 (E.D. Tenn. 1963), aff'd., 338 F.2d 422 (6th Cir.1964), a situation which did not occur here. The counterclaim against Marcia Martinez must be DISMISSED WITH PREJUDICE.

## CONCLUSION

For all the foregoing reasons, the Defendants' Counterclaim against Marcia Martinez should be dismissed with prejudice.

Dated this April 6, 2010

Respectfully Submitted,

**REMER & GEORGES-PIERRE, PLLC**

BISCAYNE CENTRE
11900 Biscayne Blvd., Suite 288
North Miami, Fl 33181
Telephone (305)416-5000
Facsimile (305)416-5005

_____
Anthony M. Georges-Pierre, Esq.
Florida Bar No.: 0533637

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

By: _____
Anthony M. Georges-Pierre, Esq

## SERVICE LIST

Anthony M. Georges-Pierre, Esquire
**REMER & GEORGES-PIERRE, PLLC**
*Attorney for Plaintiff*
100 N. Biscayne Boulevard
Suite 2800
Miami, Florida 33132
E-Mail: agp@rgpattorneys.com
Telephone: (305) 416-5000
Facsimile : (305) 416-5005

Matthew S. Sarelson, Esq.
Sarelson Law Firm, P.A.
1401 Brickell Avenue
Suite 510
Miami, Fl 33131