UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22420-CIV-O'SULLIVAN
[CONSENT]

ISVY QUINTANA, ARELY QUINTANA,
KATELYN GREGORY, ALEJANDRO J. MASIS,
MAYRA SANTIAGO, MARCIA MARTINEZ,
SARA GONZALEZ, LAURA E. GENSON and
JAMIE GREENBERG,

    Plaintiffs,

vs.

EXPLORER ENTERPRISES, INC., a Florida
corporation d/b/a/ BIG SQUEEZE JUICE BAR,
and MARC SHOSHAN, individually

    Defendants.

_____/

## ORDER

THIS MATTER is before the Court on the Plaintiff's Motion to Dismiss Defendants' Counterclaim Against Marcia Martinez (DE # 45, 4/6/10).  Having reviewed the plaintiff's Motion, the defendants' response (DE # 50, 4/22/10)[1] and the applicable law, the Plaintiff's Motion to Dismiss is GRANTED and the defendants' counterclaim (DE # 41, 3/22/10) is DISMISSED with prejudice for the reasons set forth below.

## BACKGROUND

The plaintiffs filed the complaint against the defendants on August 17, 2009. (DE # 1)  The plaintiffs seek money damages for unpaid minimum and overtime wages under the Fair Labor Standards Act, 29 U.S.C. §201-219 ("FLSA"). The plaintiffs filed their First

---

[1] The plaintiff did not file a reply.

Amended Complaint on March 10, 2010. (DE # 39)  The defendants filed their Answer and Affirmative Defenses to Amended Complaint, and Counterclaim, which alleges common law indemnification against Marcia Martinez. (DE # 41, 3/22/10)   The plaintiff filed her Motion to Dismiss Defendants' Counterclaim on April 6, 2010. (DE # 45)  The defendants filed a Response in Opposition to Plaintiff's Motion to Dismiss Defendants' Counterclaim on April 20, 2010. (DE # 50)  Pursuant to FED. R. CIV. P. 12(b)(6), the plaintiff, Marcia Martinez, seeks to dismiss the counterclaim of common law indemnification for failure to state a claim upon which the relief may be granted.

The defendants brought the counterclaim under the FSLA alleging that Ms. Martinez is an employer within the meaning of the FLSA. The defendants claim that Ms. Martinez is potentially liable for violating the FLSA as a person who is "acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).  In their Response (DE # 50, 4/20/10), the defendants claim that they are "unaware of a single case holding that one employer within the meaning of the FLSA is prohibited from seeking indemnification or contribution from a second employer with [sic] the meaning of the FLSA, and Martinez cites none." (DE # 50 p.5; 4/20/10) Although the Eleventh Circuit has not addressed the issue, other circuits have.  In LeCompte v. Chrysler Credit Corp., 780 F.2d 1260 (5th Cir. 1986), which is cited by the plaintiff, the Fifth Circuit found that the district court property dismissed the counterclaim for indemnity against two plaintiffs in their supervisory capacity. The defendants fail to distinguish LeCompte.

Instead, the defendants unsuccessfully attempt to distinguish the Tenth Circuit decision in Martin v. Gingerbread House, Inc., 977 F.2d 1405 (10th Cir. 1992), on the basis that it was a third-party complaint rather than a counterclaim.  Notably, in Martin, the Tenth

Circuit expressly agreed with the Fourth and Fifth Circuits' holdings that "indemnity actions against employees work against the policy of the FLSA." Id. at 1408.  In Martin, the Tenth Circuit explained that

> [c]ompliance with the FLSA will not be furthered if employees must defend against indemnity actions. Such actions are not part of the comprehensive statutory scheme set forth by Congress. The conflict between the purposes of federal law and a state cause of action require the latter to yield. We therefore hold that a third party complaint by an employer seeking indemnity from an employee is preempted.

Id.  In their Response (DE # 50, 4/20/10), the defendants concede that there are very few cases on point.  The defendants, however, believe that the lack of case holdings prohibiting such indemnification indicates that defendants may seek such relief. Although the Eleventh Circuit has not addressed this issue, the circuits that have addressed the issue consistently found that indemnification claims against employees or owners are contrary to public policy and the legislative intent of the FLSA.  See, e.g., LeCompte v. Chrysler Credit Corp., 780 F.2d 1260, 1264 (5th Cir. 1986); Lyle v. Food Lion, Inc., 954 F.2d 984, 987 (4th Cir. 1992);  Martin v. Gingerbread House, Inc., 977 F.2d 1405, 1407 (10th Cir. 1992);  Herman v. RSR Sec. Services Ltd., 172 F.3d 132, 144 (2d Cir. 1999).

The dispositive issue raised[2] in the plaintiff's motion to dismiss is whether the indemnification sought by the defendants would be allowed under the FLSA. The Supreme Court addressed a related issue in Northwest Airlines v. Transp. Workers Union, 451 U.S. 77, 94-95 (1981). The Supreme Court analyzed the legislative intent

---

[2] The Court does not need to address the sufficiency of the pleading of the Defendants' Counterclaim (DE # 41, 3/22/10) or whether the plaintiff is an employer under the FLSA.

regarding an implied right to contribution under the Equal Pay Act when the Act contains no reference of such contribution.  The Court determined that unless the "congressional intent can be inferred from the language of the statute, the statutory structure, or some other source, the essential predicate for *implication of a private remedy simply does not exist*." Id. (emphasis added).

Several circuits have applied the reasoning of Northwest Airlines to their analysis of the viability of an indemnity claim under the FLSA. See, e.g., LeCompte v. Chrysler Credit Corp., 780 F.2d 1260, 1264 (5th Cir. 1986); Lyle v. Food Lion, Inc., 954 F.2d 984, 987 (4th Cir. 1992);  Martin v. Gingerbread House, Inc., 977 F.2d 1405, 1408 (10th Cir. 1992);  Herman v. RSR Sec. Services Ltd., 172 F.3d 132, 144 (2d Cir. 1999); Villareal v. El Chile, Inc., 601 F. Supp. 2d, 1011, 1015 (N.D. Ill. 2009); Spellman v. American Eagle Express, Inc., 680 F. Supp. 2d 188, 191 (D.C. Cir. 2010).   Additionally, the Second, Fourth, Fifth and Tenth Circuits have consistently held that indemnity claims against employees under the FLSA are preempted by the Supremacy Clause of the United States Constitution. See LeCompte, 780 F.2d at 1264.  See also Spellman, 680 F. Supp. 2d at 191;  Villareal, 601 F. Supp. 2d at 1015;  Lyle, 954 F.2d at 987 (adopting the reasoning of the court in LeCompte).

The FLSA does not mention a right to seek indemnity.  Indemnity against an employee would be contrary to the legislative intent.  See LeCompte v. Chrysler Credit Corp., 780 F.2d 1260, 1264 (5th Cir. 1986) (noting that such indemnity action would "undermine employers' incentive to abide by the Act").   In Herman, the Second Circuit noted that the text of the FLSA makes no provision for contribution or indemnification and the Act's legislative history is silent on a right to contribution or indemnification.

Herman, 172 F.3d at 144; see also Lyle, 954 F.2d at 987 (holding that indemnity against an employee "is something the FLSA simply will not allow").  Most recently, in Villareal, 601 F. Supp. 2d at 1015, the court affirmed the dismissal of an employer's cross-claim against its supervisory personnel for indemnity claims under the FLSA (citing LeCompte).

In LeCompte, the Fifth Circuit acknowledged that the supervisory personnel were partially at fault for the violation that resulted.  Nonetheless, the court held that an indemnity claim against such personnel under the FLSA would be inappropriate as it would frustrate Congress' purpose in enacting the FLSA.  Id. at 1264.  Similarly, in the case at hand, the defendants' basis for the counterclaim against Ms. Martinez, as a store manager, is that she was the person most responsible for setting the plaintiffs' rates of pay and schedule and that she was in the best position to ensure the defendants' compliance with the FLSA.  Applying the reasoning of the court in LeCompte, the counterclaim for indemnity is not viable.

For the foregoing reasons, it is

ORDERED AND ADJUDGED that the Motion to Dismiss Defendants' Counterclaim Against Marcia Martinez (DE # 45, 4/6/10) is GRANTED and the Defendants' Counterclaim Against Marcia Martinez (DE # 41, 3/22/10) is DISMISSED with prejudice.

**DONE AND ORDERED** in Chambers at Miami, Florida, this **3rd** day of June, 2010.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided:
All counsel on record